Sandra E. Stone (SBN 161267)
sstone@plawp.com
Colin M. Adkins (SBN 184844)
cadkins@plawp.com
PACIFIC LAW PARTNERS, LLP
2000 Powell Street, Suite 950
Emeryville, CA  94608
Tel:   (510) 841-7777
Fax   (510) 841-7776

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. VERRICK WISE, an individual, NOEL RUSSELL, an individual, and LAWRENCE MARKS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10,<br><br>Defendants. | Case No.:  4:23-cv-00163-HSG<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant State Farm General Insurance Company ("State Farm") hereby answers the Complaint of Plaintiffs E. Verrick Wise, Noel Russell, and Lawrence Marks ("Plaintiffs").

**State Farm's Responses to Numbered Paragraphs of Complaint**

As to the allegations in each of the numbered paragraphs contained in Plaintiffs' Complaint, State Farm responds as follows:

/ / /

/ / /

1

Case No. 4:23-cv-00163-HSG

ANSWER TO PLAINTIFFS' COMPLAINT

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1.     As to paragraph 1 of the Complaint, State Farm admits that it is an Illinois corporation authorized and licensed to do business and in the State of California as an insurance company.

2.     As to paragraph 2 of the Complaint, State Farm lacks sufficient information or belief to enable it to answer, and based on such lack of information or belief, denies the allegations therein.

3.     As to paragraph 3 of the Complaint, State Farm lacks sufficient information or belief to enable it to answer, and based on such lack of information or belief, denies the allegations therein.

4.     As to paragraph 4 of the Complaint, State Farm lacks sufficient information or belief to enable it to answer, and based on such lack of information or belief, denies the allegations therein.

5.     As to paragraph 5 of the Complaint, State Farm lacks sufficient information or belief to enable it to answer, and based on such lack of information or belief, denies the allegations therein.

## JURISDICTION AND VENUE

6.     As to paragraph 6 of the Complaint, State Farm admits that the parties are completely diverse in citizenship and that the amount alleged by Plaintiffs as in controversy exceeds $75,000.

7.     As to paragraph 7 of the Complaint, State Farm admits that it is a corporate entity that can sue and be sued in its common name and is licensed by the California Department of Insurance to conduct the business of selling homeowners' and other insurance policies throughout the entire State of California.  State Farm further admits that it sells insurance policies throughout the State of California and generates revenue from these activities, including in the Northern District of California.

/ / /

Case No. 4:23-cv-00163-HSG                    ANSWER TO PLAINTIFFS' COMPLAINT

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

8. As to paragraph 8 of the Complaint, State Farm admits that, pursuant to 28 U.S.C. sections 1391(c)(2) and 1391(d), it is a resident of the Northern District of California. State Farm denies that venue is proper in this district as to Plaintiff Lawrence Marks.

**Factual Allegations Specific to the Wise Plaintiffs**

9. As to paragraph 9 of the Complaint, State Farm admits that the Wise Plaintiffs own the real property located at 1657 Glenmore Drive, Fairfield, California (the "Wise Property").

10. As to paragraph 10 of the Complaint, State Farm admits that it sold the Wise Plaintiffs a policy of insurance, identified as policy number 57-CZ-G247-2 (the "Wise Policy"). Except as admitted, State Farm denies the remaining allegations in paragraph 10.

11. As to paragraph 11 of the Complaint, State Farm admits that the Wise Policy contains, in part, the policy form known as HW-2105. Except as admitted, State Farm denies the remaining allegations in paragraph 11.

12. As to paragraph 12 of the Complaint, State Farm admits that, while the Wise Policy was in effect, on or about January 12, 2022, the Wise Property and contents suffered damage from a water supply line to the sink in the Wise Plaintiffs' kitchen. Except as admitted, State Farm denies the remaining allegations in paragraph 12.

13. State Farm denies the allegations contained in paragraph 13.

14. State Farm denies the allegations contained in paragraph 14.

15. State Farm denies the allegations contained in paragraph 15.

3

16. State Farm denies the allegations contained in paragraph 16.

17. State Farm denies the allegations contained in paragraph 17.

18. State Farm denies the allegations contained in paragraph 18.

## Factual Allegations Specific to the Marks Plaintiff

19. As to paragraph 19, State Farm admits that the Marks Plaintiff owns the real property located at 1822 Harriman Lane, Redondo Beach, California (the "Marks Property").

20. As to paragraph 20, State Farm admits that it sold the Marks Plaintiff a policy of insurance, identified as policy number 75-R7-6264-8 (the "Marks Policy"). Except as admitted, State Farm denies the remaining allegations in paragraph 20.

21. As to paragraph 21 of the Complaint, State Farm admits that the Marks Policy contains, in part, the policy form known as HW-2105. Except as admitted, State Farm denies the remaining allegations in paragraph 21.

22. As to paragraph 22 of the Complaint, State Farm admits that, while the Marks Policy was in effect, on or about October 7, 2022, the Marks Property and contents suffered damage due to the failure of a water line underneath the slab in the area of the Marks Plaintiff's living room. Except as admitted, State Farm denies the remaining allegations in paragraph 22.

23. As to paragraph 23 of the Complaint, State Farm admits that the Marks Plaintiff provided prompt notice to State Farm of the damage. Except as admitted, State Farm denies the remaining allegations in paragraph 23.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

4

24. State Farm denies the allegations contained in paragraph 24.

25. State Farm denies the allegations contained in paragraph 25.

26. State Farm denies the allegations contained in paragraph 26.

**Factual Allegations Common to all Plaintiffs Supporting Regarding Joinder Pursuant to Federal Rule of Civil Procedure 20**

27. State Farm denies the allegations contained in paragraph 27.

28. As to paragraph 28 of the Complaint, State Farm admits that it began issuing Form HW-2105 in California on or about January 2021, and that on existing State Farm homeowners policies, Form HW-2105 was added upon renewal and replaced some, but not all, of the existing homeowners policy forms and endorsements. Except as admitted, State Farm denies the remaining allegations in paragraph 28.

29. State Farm denies the allegations contained in paragraph 29.

30. As to paragraph 30 of the Complaint, State Farm admits that the Marks Plaintiff provided prompt notice to State Farm of the damage. Except as admitted, State Farm denies the remaining allegations in paragraph 30.

31. State Farm denies the allegations contained in paragraph 31.

32. State Farm denies the allegations contained in paragraph 32.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

33. State Farm denies the allegations contained in paragraph 33.

34. State Farm denies the allegations contained in paragraph 34.

35. State Farm denies the allegations contained in paragraph 35.

36. State Farm denies the allegations contained in paragraph 36.

37. State Farm denies the allegations contained in paragraph 37.

38. State Farm denies the allegations contained in paragraph 38.

39. State Farm denies the allegations contained in paragraph 39.

40. State Farm denies the allegations contained in paragraph 40.

41. State Farm denies the allegations contained in paragraph 41.

42. State Farm denies the allegations contained in paragraph 42.

43. State Farm denies the allegations contained in paragraph 43.

**FIRST CAUSE OF ACTION – INSURANCE BAD FAITH**

44. State Farm incorporates by reference the preceding paragraphs as though they were fully set forth in this response to Plaintiffs' First Cause of Action.

45. State Farm denies the allegations contained in paragraph 45 and all of its subparts.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

6

Case No. 4:23-cv-00163-HSG          ANSWER TO PLAINTIFFS' COMPLAINT

46. State Farm denies the allegations contained in paragraph 46.

47. State Farm denies the allegations contained in paragraph 47.

48. State Farm denies the allegations contained in paragraph 48.

49. State Farm denies the allegations contained in paragraph 49.

50. State Farm denies the allegations contained in paragraph 50.

51. State Farm denies the allegations contained in paragraph 51.

## AFFIRMATIVE DEFENSES

As for separate defenses, State Farm alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

52. The Complaint fails to state facts sufficient to constitute a cause of action against State Farm.

### SECOND AFFIRMATIVE DEFENSE

53. The insurance benefits due and owing to the Wise Plaintiffs, if any, are limited by the terms and conditions of Homeowners Policy No. 57-CZ-G247-2, including but not limited to, the coverage language, the conditions, the exclusions, the deductible clauses, the measures of indemnity, and the policy limits set forth in its form and endorsements, all of which are specifically incorporated herein by this reference.

### THIRD AFFIRMATIVE DEFENSE

54. The insurance benefits due and owing to the Marks Plaintiff, if any, are limited by the terms and conditions of

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

7

Homeowners Policy No. 75-R7-6264-8, including but not limited to, the coverage language, the conditions, the exclusions, the deductible clauses, the measures of indemnity, and the policy limits set forth in its form and endorsements, all of which are specifically incorporated herein by this reference.

### FOURTH AFFIRMATIVE DEFENSE

55.    The Wise Plaintiffs and the Marks Plaintiff are misjoined.

### FIFTH AFFIRMATIVE DEFENSE

56.    Venue in the Northern District of California is improper as to the Marks Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

57.    Third parties were negligently or actionably at fault in or about the matters alleged in the Complaint.  This negligence proximately caused and/or contributed to the damages claimed, if any. By reason of the actionable fault of these parties, any damages against State Farm should be abated entirely or reduced in proportion to the fault of such third parties.

### SEVENTH AFFIRMATIVE DEFENSE

58.    The claim for punitive damages violates the California and United States Constitutions.

### EIGHTH AFFIRMATIVE DEFENSE

59.    The Complaint fails to state facts sufficient to support Plaintiffs' prayer for attorneys' fees.  Moreover, any claim for attorneys' fees is barred by Cal. Code of Civil Proc. ("CCP") section 1021.

/ / /

/ / /

/ / /

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

8

## NINTH AFFIRMATIVE DEFENSE

60.    Plaintiffs have failed to mitigate their alleged damages, and such failure proximately caused and contributed to those alleged damages.

## TENTH AFFIRMATIVE DEFENSE

61.    The Wise Plaintiffs' Complaint is barred in whole or in part because the Wise Plaintiffs failed to comply with one or more of the Duties After Loss provisions in the Homeowners Policy, including but not limited to the following provisions:

## SECTION I - CONDITIONS

2.    **Your Duties After Loss**.  After a loss to which this insurance may apply, **you** must cooperate with **us** in the investigation of the claims and also see that the following duties are performed:

a.    give immediate notice to **us** or **our** agent, and also notify:

(1)    the police if the loss is caused by theft, vandalism, or any other criminal act; and

(2)    the credit card company or bank if the loss involves a credit card or bank fund transfer card;

b.    protect the property from further damage or loss and also:

(1),    make reasonable and necessary temporary repairs required to protect the property; and

(2)    keep an accurate record of repair expenditures;

e.    submit to **us**, within 60 days after the loss, **your** signed, sworn proof of loss which sets forth, to the best of **your** knowledge and belief:

(1)    the time and cause of loss;

(2)    interest of the **insured** and all others in the property involved and all encumbrances on the property;

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

(3)    other insurance that may cover the loss;

(4)    changes in title or occupancy of the property during the term of this policy;

(5)    specifications of any damaged structure and detailed estimates for repair of the damage;

(6)    an inventory of damaged or stolen personal property described in 2.c.;

(7)    receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8)    evidence or affidavit supporting a claim under **SECTION I – ADDITIONAL COVERAGES, Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money** coverage, stating the amount and cause of loss.

## ELEVENTH AFFIRMATIVE DEFENSE

62.    Coverage for Plaintiffs' claims is limited or barred in whole or in part by the following policy provisions:

## SECTION I – LOSSES INSURED

## COVERAGE A – DWELLING

**We** will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. However, loss does not include and **we** will not pay for, any **diminution in value**.

## SECTION I - LOSSES NOT INSURED

1.    **We** will not pay for any loss to the property described in Coverage A that is caused by one or more of the items below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

f.    wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

10

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

g.      corrosion, electrolysis, or rust;

h.      wet or dry rot;

However, **we** will pay for any resulting loss from items a. through k. unless the resulting loss is itself a Loss Not Insured as described in this Section.

3.      **We** will not pay for, under any part of this policy, any loss that is caused by one or more of the items below, regardless of whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the **residence premises**, arises from natural or external forces, or occurs as a result of any combination of these:

c.      **Water**, meaning:

(8)     water or sewage below the surface of the ground, including water or sewage that exerts pressure on, or seeps or leaks through a **building structure**, sidewalk, driveway, swimming pool, or other structure;

(9)     seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:

(a)     and is:

(i)      continuous;

(ii)     repeating;

(iii)    gradual;

(iv)    intermittent;

(v)     slow; or

(vi)    trickling; and

(b)     from a:

(i)      heating, air conditioning, or automatic fire protective sprinkler system;

(ii)     household appliance; or

(iii)    plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing

11

Case No. 4:23-cv-00163-HSG                    ANSWER TO PLAINTIFFS' COMPLAINT

fixture, including their walls, ceilings, or floors.

**We** also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time;

d.  **Neglect**, meaning neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

f.  **Fungus**, including:

(1)  any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the described premises or location of the rebuilding, repair, or replacement of that property, by **fungus**;

(2)  any remediation of **fungus**, including the cost or expense to:

(a)  remove or clean the **fungus** from covered property or to repair, restore, or replace that property;

(b)  tear out and replace any part of the **building structure** or other property as needed to gain access to the **fungus**;

(c)  contain, treat, detoxify, neutralize or dispose of or in any way respond to or assess the effects of the **fungus**; or

(d)  remove any property to protect it from presence of or exposure to **fungus**; or

(3)  the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of **fungus**, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

However, **we** will pay for loss as specified under **SECTION I – PROPERTY SUBJECT TO LIMITATIONS**.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

12

Case No. 4:23-cv-00163-HSG                    ANSWER TO PLAINTIFFS' COMPLAINT

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

4. **We** will not pay for any loss described in paragraphs 1., 2., and 3. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    a.    conduct, act, failure to act, or decision of any person, group, organization, or governmental body whether intentional, wrongful, negligent, or without fault;

    b.    defect, weakness, inadequacy, fault, or unsoundness in:

        (1)    planning, zoning, development, surveying, or siting;

        (2)    design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

        (3)    materials used in repair, construction, renovation, remodeling, grading, or compaction; or

        (4)    maintenance;

        of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**; or

    c. weather conditions.

    However, **we** will pay for any resulting loss from items 4.a., 4.b., and 4.c. unless the resulting loss is itself a Loss Not Insured as described in this Section.

5. **We** will not pay for, under any part of this policy, any loss consisting of the items in paragraphs 1., 2., 3., or 4. above. This exclusion does not apply if the loss is caused by a peril that is not otherwise excluded.

## TWELFTH AFFIRMATIVE DEFENSE

63. Coverage for Plaintiffs' claims under the Policy is limited or barred in whole or in part by the following Policy provisions:

## DEFINITIONS

7. **"fungus"** means any type or form of **fungus**, including mold, mildew, mycotoxins, spores, scents, or by products produced or released by fungi.

13

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**SECTION I – PROPERTY SUBJECT TO LIMITATIONS**

1.    **We** will not pay more than a total of $5,000 for all loss by **fungus** to:

  a.    **COVERAGE B – PERSONAL PROPERTY** caused by or directly resulting from a peril described in **SECTION I – LOSSES INSURED, COVERAGE B – PERSONAL PROPERTY;** and

  b.    **COVERAGE A – DWELLING** property caused by or directly resulting from a peril described in **SECTION I – LOSSES INSURED, COVERAGE B – PERSONAL PROPERTY** or a loss not otherwise excluded under **SECTION I – LOSSES NOT INSURED**.

Regardless of the number of structures or other property items insured, this single $5,000 limit of insurance is the most we will pay for loss in any one **occurrence** for all Section I coverages and OPTIONAL POLICY PROVISIONS combined.

2.    This limitation applies to loss to all insured property, including all costs or expenses for:

  a.    any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the described premises or location of the rebuilding, repair, or replacement of that property, by **fungus**;

  b.    any remediation of fungus, including the cost or expense to:

    (1)    remove or clean the **fungus** from covered property or to repair, restore, or replace that property;

    (2)    tear out and replace any part of the building or other property as needed to gain access to the **fungus**;

    (3)    contain, treat, detoxify, neutralize, or dispose of or in any way respond to or assess the effects of the **fungus**; or

    (4)    remove any property to protect it from the presence of or exposure to **fungus**;

  c.    the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of fungus, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

14

Case No. 4:23-cv-00163-HSG                    ANSWER TO PLAINTIFFS' COMPLAINT

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

## THIRTEENTH AFFIRMATIVE DEFENSE

64.    Plaintiffs' Complaint is barred in whole or in part by the following Homeowners Policy suit provision, which in pertinent part reads:

### SECTION I – CONDITIONS

6.    **Suit Against Us.**  No action shall be brought against **us** unless there has been full compliance with all of the policy provisions.  The action by any party must be started within one year after the date of loss or damage.

## FOURTEENTH AFFIRMATIVE DEFENSE

65.    State Farm's investigation, handling of any alleged claim and determination of coverage issues and the benefits due and owing under the Policy, if any, were at all times reasonable and consistent with its duty of good faith and fair dealing toward Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

66.    Plaintiffs are estopped by their actions from asserting any of the causes of action in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

67.    Plaintiffs are barred by the equitable doctrine of laches from asserting any of the causes of action in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

68.    Plaintiffs are barred by the equitable doctrine of unclean hands from asserting any of the causes of action in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

69.    Plaintiffs are barred by the doctrine of waiver from asserting any of the causes of action in the Complaint.

/ / /

/ / /

/ / /

Case No. 4:23-cv-00163-HSG                    ANSWER TO PLAINTIFFS' COMPLAINT

## NINTEENTH AFFIRMATIVE DEFENSE

70.   Plaintiffs' causes of action are barred by the applicable statutes of limitations, including but not limited to, CCP §§ 337, 338, and 339, and any other applicable statute of limitations.

## PRAYER FOR RELIEF

For these reasons, State Farm prays as follows:

1.   That Plaintiffs take nothing by reason of the Complaint, and that judgment be rendered in favor of State Farm;

2.   That State Farm be awarded its costs of suit incurred in the defense of this action; and

3.   For other such relief as the Court deems proper.

DATED:  March 27, 2023          PACIFIC LAW PARTNERS, LLP


By: /s/ SANDRA E. STONE
SANDRA E. STONE
COLIN M. ADKINS
Attorneys for Defendant
STATE FARM GENERAL
INSURANCE COMPANY

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

16

Case No. 4:23-cv-00163-HSG          ANSWER TO PLAINTIFFS' COMPLAINT