Sandra E. Stone (SBN 161267)
sstone@plawp.com
Colin M. Adkins (SBN 184844)
cadkins@plawp.com
PACIFIC LAW PARTNERS, LLP
2000 Powell Street, Suite 950
Emeryville, CA  94608
Tel:   (510) 841-7777
Fax   (510) 841-7776

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. VERRICK WISE, an individual, NOEL RUSSELL, an individual, and LAWRENCE MARKS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10, <br><br> Defendants. | Case No.:  4:23-cv-00163-HSG <br><br> **DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY TO OPPOSITION TO MOTION TO SEVER OR DISMISS FOR MISJOINDER** <br><br> Date:   June 8, 2023 <br> Time:   2:00 p.m. <br> Judge:  Hon. Haywood S. Gilliam <br><br> Complaint filed: January 12, 2023 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs' Opposition spends most of its effort detailing a theory of how State Farm is using language in its Homeowners Policy in an improper way.  But that is not the issue before the court.  The current question is whether joinder of these two sets of plaintiffs is proper.  While the Opposition summarily concludes it is, a closer look at the facts and the law supports State Farm's motion for misjoinder.

Here, the two claims involve different factual questions and different sets of documents and witnesses.  There is no basis for joinder under FRCP 20(a) and permitting the case to proceed as is will not only cause inconvenience but will confuse the jury and prejudice State Farm by mixing together the facts unique to each claim.

## II.   LEGAL ARGUMENT

The Opposition is correct in stating that joinder can be permitted in a variety of situations.  However, the right to permissive joinder is not unlimited.  Here, plaintiffs fail to meet the requirements in Rule 20 and there is no judicial economy gained by joining these plaintiffs nor any harm caused by severing them.

### A.   Plaintiffs' Claims Do Not Meet the Requirements of Federal Rule of Civil Procedure 20(a)(1).

For joinder to be proper, two separate elements must each be met: the plaintiffs all assert a right arising out of the same transaction or occurrence **and** there is a common question of law or fact as to all plaintiffs.  (FRCP 20(a)(1); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)).

/ / /

/ / /

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Rather than explaining how they have met these prongs, plaintiffs spend much of the Opposition detailing their theory of how State Farm is nefariously applying exclusions in its Homeowners Policy. As proof, they point to the outcome in the two claims at issue here and, from this sample size of **two**, assert this "demonstrates State Farm's broad application of the exclusion by State Farm to avoid indemnity for plumbing failure losses in California." (Oppo., pg. 5:14-15). While making for more colorful reading, this conclusory statement does not address the factors required to permit joinder of these plaintiffs.

The Opposition also points out that the two plaintiffs here had "identical" policy forms. (Oppo., pg. 2:13-15). State Farm does not deny that the homeowners policy form issued to both these plaintiffs is identical—that is true for the tens of thousands of households State Farm insures in California.[1] That alone does not make joinder of any State Farm insured with a homeowner's policy appropriate.

Moreover, the fact that both of these plaintiffs had a water claim is also not sufficient. As plaintiffs themselves point out—water claims are one of the highest frequency causes of loss. (Opposition 2:10-13 & fn.3; see also https://www.iii.org/fact-statistic/facts-statistics-

---

[1] Plaintiffs' Opposition notes that the change to State Farm's HO policy was approved by the California Department of Insurance. This raises a question about whether a challenge of approved policy language is proper in a suit against a carrier. "The proper method of obtaining judicial review of most public agency decisions is by instituting a proceeding for a writ of mandate." (*Brazina v. Paul Revere Life Ins. Co.* (N.D. Cal. 2003) 271 F.Supp.2d 1163, 1168 [cites omit]; See also *Ellena v. Department of Ins.* (2014) 230 Cal.App.4th 198, 212 (duty to review policy forms subject to judicial enforcement by writ of mandate); *Moradi-Shalal v. Fireman's Fund Ins. Cos.* (1988) 46 Cal.3d 287, 304 (Only the Insurance Commissioner can enforce the UIPA; no private right of action exists for violations of the Act); *Rattan v. United Services Auto. Ass'n* (2000) 84 Cal.App.4th 715, 724).

homeowners-and-renters-insurance#Causes%20of%20homeowners%20insurance%20losses )

Plumbing failures cover a wide variety of losses, each of which must be evaluated based on its own facts. Here, although superficially similar—there are important factual differences between the two plaintiffs. The Wise claim involves failure of a kitchen supply line, and the Marks water line was below the slab of the home. Contrary to the Opposition's conclusions—the locations trigger different policy exclusions. (See Ex. 3 "water…below the surface of the ground"). This is in addition to the other factual differences in the claims including: insured location (Fairfield v. Redondo Beach), claim representatives (no overlap), scope of damage and repair cost and methodology.

Plaintiffs' position is analogous to arguing that every insured with a fire claim is factually similar—whether it was a grease fire in the kitchen or a wildfire which destroyed the entire home.

The Opposition fails to cite to any case law supporting joinder in a situation such as this. Indeed, case law provides analogous examples where the same transaction or occurrence threshold was not met.

- Plaintiffs sued the Immigration and Naturalization Service. General allegations of delay did not create a common question of law or fact; what may constitute undue delay in one case may not in another. (*Coughlin v. Rogers* 130 F.3d 1348, 1351 (9th Cir. 1997));
- Suit for breach of warranty against automobile dealer brought by multiple plaintiffs did not arise out of same transaction since cars were purchased at different times and had different service histories. (*Saval v. BL Ltd.* 710 F.2d 1027, 1031-1032 (4th Cir. 1983));

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

- Automobile insurers could not join individual insureds who allegedly submitted fraudulent claims where insurers did not assert any claims against all insureds or allege that the insureds worked together such that the claims arose out of the same transaction or occurrence. (*Allstate Ins. Co. v. Baturov* 544 F.Supp.3d 264, 266-267 (ED NY 2021)).

Plaintiffs also dismiss *Dolan v. Safeco Ins. Co. of Indiana* 297 F.R.D. 210 (E.D.N.Y. 2014), but the analysis in that case is germane here.  In *Dolan*, all plaintiffs had the same insurer and the same cause of loss.  Moreover, they all asserted identical causes of action based on Safeco's alleged failure to pay adequate amounts on their claims.  *Id.* at 212.  Despite this, the court severed the plaintiffs, noting that:

[e]ach plaintiff separately performed his or her own obligations under his or her respective insurance policy, e.g., paid the premiums and submitted claims thereunder. Finally, each plaintiff seeks to recover his or her actual damages as a result of defendant's purported breach of his or her respective insurance policy. . .. **The fact that plaintiffs' separate properties, for which they made distinct claims under the separate insurance policies issued to them by defendant, all sustained damage as a result of the same storm is immaterial for purposes of Rule 20(a) of the Federal Rules of Civil Procedure**… Moreover, defendant likely will have different justifications for denying and/or limiting each plaintiff's claims.

*(Dolan v. Safeco Ins. Co. of Indiana* (E.D.N.Y. 2014) 297 F.R.D. 210, 212 (emphasis added)).

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Similarly, both plaintiffs in this case have unique factual circumstances, witnesses, damages and basis for denial.  This is not the commonality of transaction and occurrence required by Rule 20(a).

### B.   There is No Gain in Judicial Economy by Joinder and No Harm to Plaintiffs by Severance

The Opposition makes only a passing mention to "efficiency of scale".  (Oppo., pg. 8:22-23).  Firstly, when dealing with only two plaintiffs it is difficult to understand what efficiency of scale might result by joining them in the same suit.  Secondly, because the witnesses and documents for each claim are different, they will have to be dealt with separately regardless.  "District courts have considerable discretion to deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims." (*Acevedo v. Allsup's Convenience Stores, Inc.,* 600 F.3d 516, 522 (5th Cir. 2010)).  In fact, given that the proper venue for the Marks claim is arguably the Central District, there is no gain in judicial economy by merging these two cases in the Northern District.

In addition, there is no harm to plaintiffs by severing their claims.  State Farm is not seeking to end either of their cases, but simply to separate them.  Because of the location of the Marks property in Southern California, severance could make depositions of the key witnesses more convenient for all parties.  Where "no substantial right will be prejudiced by the severance", the court may sever misjoined plaintiffs.  (*Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870–71 (9th Cir. 2013)).

/ / /

## III.   CONCLUSION

Here, these two sets of plaintiffs have different facts and occurrences underlying their suit against State Farm.  As such they fail to meet the requirements of FRCP 20(a), and the joinder is improper. For that reason, State Farm requests the court grant its motion to sever or dismiss for misjoinder.

DATED:  May 9, 2023                    PACIFIC LAW PARTNERS, LLP


By: /s/ SANDRA E. STONE
SANDRA E. STONE
COLIN M. ADKINS
Attorneys for Defendant
STATE FARM GENERAL
INSURANCE COMPANY

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446