

1939 Harrison Street, Suite 900
Oakland, California 94612
t 510.379.5801 | f 510.228.0350

December 4, 2023

Honorable Haywood S. Gilliam, Jr.
United States District Court Judge
Oakland Courthouse, Courtroom 2 – 4th Floor
1301 Clay Street, Oakland, CA 94612

     **Re:**   ***Wise et al. v. State Farm General Ins. Co.***
           United States District Court Case No. 23-cv-00163-HSG

Dear Judge Gilliam, Jr.:

     Pursuant to this Court's Standing Order, the Parties submit the following joint letter regarding a discovery dispute.

<h3 align="center">Plaintiffs' Position</h3>

     This dispute relates to Plaintiffs E Verrick Wise's and Noel Russell's multiple attempts over months to obtain reasonable deposition dates for State Farm's witnesses pursuant to Federal Rule of Civil Procedure 30(b)(6). Despite repeated, diligent efforts to obtain these depositions, State Farm has continually refused to comply with its discovery obligations.

     Pursuant to the requirements of the rule that the parties confer regarding Rule 30(b)(6) topics, on October 3, 2023, Plaintiffs sent a draft Rule 30(b)PMK notice to State Farm's counsel, informing her of the deposition request and providing ample time for a full conferral. Ms. Stone failed to respond at all. Plaintiffs' counsel followed-up with emails on this topic on October 10th and 12th. State Farm failed to respond.

     On October 27, 2023, with the fact discovery deadline two months away and having had no response from State Farm's lawyer regarding the draft Rule 30(b)(6) notice, Plaintiffs served the notice, setting the deposition for November 6, 2023. Counsel did not respond to the notice. We again followed-up by email on October 30th and 31st, asking about the now formally served notice.

     On October 31, 2023, Ms. Stone finally responded, but only to say that State Farm would not be providing witnesses on November 6. She indicated a desire to confer regarding the proposed topics, but did not propose any date for that conferral. We emailed Ms. Stone again on November 7, 2023, asking for either (a) a confirmed date/time for the conferral or (b) dates for the deposition or depositions. The conferral occurred on November 13, 2023, during which we answered all questions posed by State Farm regarding the notice.

But State Farm continued to provide no dates for the deposition or depositions. On November 16 and again on November 27, Plaintiffs' sought dates. Late on November 27, Ms. Stone wrote to say that she would follow up with her client. In response, we insisted on receiving proposed dates for all topics no later than noon on November 28th.

That day Ms. Stone emailed to say "I hope to have dates for you in the next couple of days" for depositions.  We responded, "I think we can avoid going to court over the PMK dates, provided you have dates for us by close of business on Thursday, November 30, which is within your timeframe of the next couple of days."  November 30th came and went and no dates were provided.

On Monday, December 4, 2023, Ms. Stone emailed to offer December 28 or 29 for one Rule 30(b)(6) witness, and December 21, 22, 28, or 29 for another, indicating as to the latter that "these are tentative as the witness was out of town so waiting for confirmation …." As for a third topic, Ms. Stone offered no date, but instead sought to further confer about the topic, a month after the original conferral in November.

In response, we demanded that Ms. Stone provide dates for all witnesses in the first half of December to allow for litigation of any disputes that arise in these key depositions. Plaintiffs indicating that barring dates that comply with the request, we would present the issue to the Court.

Plaintiffs request an order compelling State Farm to produce its Rule 30(b)(6) witnesses forthwith, but no later than December 15, 2023. In the alternative, if State Farm cannot produce its witnesses until the eve of the discovery cut off, under the circumstances the Court should extend the discovery deadline for the sole purpose of permitting Plaintiffs to litigate any issues that may arise from the Rule 30(b)(6) depositions.

**State Farm's Position**

Plaintiffs' 30(b)(6) Deposition Notice includes thirty-two (32) different topics for examination.  (See attached Deposition Notice.)

At the time the draft notice was provided, Plaintiffs' counsel had not yet deposed any of the State Farm witnesses who worked on the claim at issue in this case.  Because those witnesses could address many of the categories in the PMK notice, it was logical to proceed with those depositions and hopefully narrow down the PMK topics.

Since that time, Plaintiffs have taken the deposition of four State Farm witnesses (with another set for December 7th).  State Farm's counsel worked with Plaintiffs' counsel to produce the individual witnesses they requested.  All these witnesses live outside of California and one is not a State Farm employee.  Despite this, they were all provided for deposition.

Two of the witnesses that Plaintiffs deposed are team managers who had supervisory responsibility for the claim at issue in this case—something counsel was aware of before taking their depositions.  Despite taken their depositions, Mr. Carling advised me in our meet and confer session that he was not willing to reduce the claim-based topics in the PMK notice, even when I advised him that it would likely require the production of the same witnesses that he had already deposed.

I also discussed the "Financial Condition" PMK topics (#29-32) with Mr. Carling during our meet and confer session.  I indicated that State Farm was willing to provide documents reflecting the requested financial information and would authenticate those documents.  I also proposed that the parties could stipulate to any aspects of the financial information that Plaintiffs wanted to confirm or expand upon.  Despite providing those documents, and renewing the offer of a stipulation, Plaintiffs' counsel has rejected that option and demanded a deposition.

I have diligently been working with State Farm to identify, contact and prepare the various witnesses and to find deposition dates that fit everyone's schedules.  This morning, December 4th, I provided Plaintiffs' counsel with proposed dates for witnesses on two groups of topics in the PMK notice.  The dates provided were before the close of fact discovery on December 29th.

Despite not having raised any schedule restrictions, counsel immediately rejected those dates and demanded dates before December 15th—with no explanation for why those depositions had to occur in that timeframe.  Within two hours, counsel served an email with their portion of this letter and demanded that State Farm provide its response by the "close of business" the same day.

State Farm remains willing to continue its efforts to provide responsive witnesses, but asks the court decline Plaintiffs' request to unilaterally "reset" the fact discovery deadline to December 15th.  If Plaintiffs' counsel has a conflict with the later half of December (something that they have not been advised is the case), State Farm is willing to extend the fact discovery cut-off.

Date:   December 4, 2023

Kerley Schaffer LLP


_____/S/_____

Christopher Carling
Counsel for Plaintiffs


Date:   December 4, 2023

Pacific Law Partners LLP


_____/S/_____

Sandra E. Stone
Counsel for Defendant

J. Edward Kerley (175695)
Dylan L. Schaffer (153612)
Christopher Carling (254166)
**Kerley Schaffer LLP**
1939 Harrison Street, #900
Oakland, California 94612
Telephone: (510) 379-5801
Facsimile: (510) 228-0350

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **E VERRICK WISE** an individual, **NOEL RUSSELL**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**STATE FARM GENERAL INSURANCE COMPANY,** an Illinois corporation, and **DOES 1 through 10**,<br><br>Defendants. | Case No. 4:23-cv-00163-HSG<br><br>**PLAINTIFFS' DEPOSITION NOTICE PURSUANT TO FED. R. CIV. PRO. 30(B)(6) – STATE FARM GENERAL INSURANCE COMPANY**<br><br>**Date: November 6, 2023**<br>**Time: 10:00 a.m.**<br>**Location: Remote** |

Notice of Deposition – State Farm General Ins. Co.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE**, that pursuant to Fed. Rules of Civ. Pro., Rule 30, Plaintiffs will take the deposition, on oral examination, of:

| | |
|---|---|
| **DEPONENT**: | State Farm Gen. Ins. Co. pursuant to F.R.C.P. 30(b)(6) |
| **DATE/TIME**: | November 6, 2023 at 10:00 a.m. |
| **LOCATION**: | Remote Videoconference – Witness Location; Depobook Court Reporters, 1600 G St., Suite 101, Modesto, CA 95354; 209-602-5126; depobook@gmail.com |

The deposition will be taken before an officer authorized to administer oaths and, by stipulation of the Parties and as authorized by Fed. Rules of Civ. Pro., Rule 30(b), will be taken remotely. The court reporter will appear remotely via video conference for the purposes of providing the oath/affirmation to the deponent and capturing the proceeding. If the deposition is not completed on the date set forth above, the taking of the deposition will continue from day to day at the same place until completed or as otherwise agreed upon by counsel. If the deponent is not fluent in the English language, please contact the undersigned attorney ten (10) days prior to the deposition date so that an interpreter may be retained. The deposition will be videotaped for possible use at trial in this matter.

**IT IS REQUESTED THAT** no later than five business days before the deposition the witness, or her attorney, and the attorney of any party wishing to participate in the deposition, notify Depobook Court Reporters of the name, contact phone number and email address of the witness and the participants so that the court reporter can contact them in advance of the deposition to ensure that there are no technical issues which would preclude the deposition going forward as scheduled.

## <u>DEFINITIONS</u>

The following definitions and instructions shall apply to the TOPICS FOR EXAMINATION set forth below.

A.     "YOU" or "YOUR" means Defendant State Farm General Insurance Company, and all other related entities, umbrella companies, parent companies, subsidiary companies,

1  including but not limited to State Farm Fire and Casualty Company, State Farm Mutual

2  Automobile Insurance Group, and State Farm Specialty Insurance Company, and including but

3  not limited to each of YOUR present and former employees, agents or representatives.

4        B.      "DOCUMENT" or "DOCUMENTS" means the same as "writing" as defined in

5  Section 250 of the California Evidence code. "DOCUMENT" and "DOCUMENTS" include the

6  following which are in the possession, custody, or control of YOU or any third-party vendors

7  YOU contract with: electronic communications of any kind, including chats, instant messages,

8  texts, and voicemails; word processing documents, spreadsheets, and databases (including draft

9  versions); database entries, Internet usage files, Internet browser-created files including cookies

10  and caches, activity logs, calendars, telephone logs, contact manager information, network access

11  information.

12        "DOCUMENT" and "DOCUMENTS" include those to be found on, archived in, or

13  deleted from the following: any on-site or off-site electronic data storage systems or data

14  structures, including but not limited to databases, networks, computer systems, legacy systems

15  (hardware and software), servers, mainframes, network servers, cloud-based servers and backup

16  servers or systems, archives, backup or disaster recovery systems or facilities, tapes, discs,

17  DVDs, CDROMs, drives, portable or removable drives, cartridges and other storage media,

18  laptops, personal computers, internet data, personal digital assistants, handheld wireless devices,

19  mobile telephones, smart phones, tablet computers, paging devices, and audio systems (including

20  voicemail).

21        C.      "PROPERTY" means the real and personal property located at 1657 Glenmore

22  Drive, Fairfield, California insured by YOU under the POLICY.

23        D.      "POLICY-1" means the policy of insurance issued by YOU under the number

24  57-CZ-G247-2, including all endorsements and amendments thereto.

25        E.      "LOSS" means the water loss and resulting damage that occurred in or about, January

26  12, 2022, at the PROPERTY.

27        F.      "PLAINTIFFS" means either Noel Russel or E Verrick Wise, or both of them.

28

3

Notice of Deposition – State Farm General Ins. Co.

1    G.    "INVESTIGATE" and/or "INVESTIGATION" means to carry out an

2    investigation of a claim under any property insurance policy as required by 10 CCR § 2695.7(d).

3    H.    "ADJUST" and/or "ADJUSTMENT" means to pay or deny a claim for benefits

4    under any policy of insurance issued by YOU.

5    I.    "SIU" means any unit or department YOU maintain as defined in 10 CCR §

6    2698.30(p).

7    J.    "CLAIM" means the claim for policy benefits resulting from the LOSS

8    sometimes referred to by YOU by Claim No. 05-29P3-57N.

9    K.    "SEEPAGE EXCLUSION" means the exclusion and/or limitation in the POLICY

10   which states in part:

11           "c. Water, meaning:
12           (9) seepage or leakage of water, steam, or sewage that
             occurs or develops over a period of time:
13           (a) and is:
             (i) continuous;
14           (ii) repeating;
             (iii) gradual;
15           (iv) intermittent;
             (v) slow; or
16           (vi) trickling; and
             (b) from a:
17           (i) heating, air conditioning, or automatic fire protective
18           sprinkler system;
             (ii) household appliance; or
19           (iii) plumbing system, including from, within or around any
             shower stall shower bath, tub installation, or other
20           plumbing fixture, including their walls, ceilings, or floors."

21   L.    "ESI" means electronically stored information.

22

23

24

25

26

27

28

4

**TOPICS FOR EXAMINATION**

Pursuant to F.R.C.P. 30(b)(6), Defendant STATE FARM GENERAL INSURANCE COMPANY must produce its person most knowledgeable to appear and testify regarding the following topics, broken down by category:

**INVESTIGATION AND ADJUSTING**

1.       YOUR application of the SEEPAGE EXCLUSION in YOUR INVESTIGATION and/or ADJUSTING of property claims.

2.       YOUR INVESTIGATION of the CLAIM under all coverages afforded by the POLICY.

3.       Supervision of YOUR INVESTIGATION of the CLAIM under all coverages afforded by the POLICY.

4.       YOUR ADJUSTING of the CLAIM under all coverages afforded by the POLICY.

5.       Supervision of YOUR ADJUSTING of the CLAIM under all coverages afforded by the POLICY.

6.       YOUR compliance with Insurance Code § 790.03(h) in the INVESTIGATION and ADJUSTING of the CLAIM.

7.       YOUR compliance with 10 CCR § 2695.1 et seq. in the INVESTIGATION and ADJUSTING of the CLAIM.

8.       YOUR documentation of YOUR INVESTIGATION and/or ADJUSTING of the CLAIM, including but not limited to entries by YOU of CLAIM events and documents in YOUR claim files and claim notes.

9.       YOUR decision(s) to refer the CLAIM to SIU.

10.      YOUR communications (oral, written, electronic, or otherwise) with anyone relating to the INVESTIGATION or ADJUSTING of the CLAIM.

11.      YOUR criticism or discipline of any of YOUR employees or agents relating to the INVESTIGATION and/or ADJUSTING of the CLAIM.

Notice of Deposition – State Farm General Ins. Co.

12.    The identity of each of YOUR employees and/or agents responsible for making the ultimate coverage decision with respect to CLAIM.

13.    The basis or bases for YOUR coverage decision on CLAIM.

## AFFIRMATIVE DEFENSES

14.    YOUR basis or bases for the allegations in YOUR ninth affirmative defense (mitigation of damages).

15.    YOUR basis or bases for the allegations in YOUR tenth affirmative defense (duties after loss).

16.    YOUR basis or bases for the allegations in YOUR eleventh affirmative defense (policy exclusions).

17.    YOUR basis or bases for the allegations in YOUR twelfth affirmative defense (mold limitations).

18.    YOUR basis or bases for the allegations in YOUR nineteenth affirmative defense (statute of limitations).

## SUI INVESTIGATION

19.    YOUR special investigations unit (SIU) INVESTIGATION relating to the LOSS, CLAIM, PROPERTY, and/or PLAINTIFFS.

20.    Supervision by YOU of the SIU INVESTIGATION relating to the CLAIM, PROPERTY, and/or PLAINTIFFS.

21.    YOUR communications with anyone related to YOUR SIU INVESTIGATION relating to the CLAIM, PROPERTY, and/or PLAINTIFFS, including communications between YOUR SIU department and YOUR claims department.

22.    YOUR findings relating to YOUR SIU investigation relating to the CLAIM, PROPERTY, and/or PLAINTIFFS.

23.    YOUR reports regarding YOUR SIU INVESTIGATION relating to the CLAIM, PROPERTY, and/or PLAINTIFFS, to any outside entity, including but not limited to the California Department of Insurance and the National Insurance Crime Bureau.

24.     YOUR criticism or discipline of any of YOUR employees or agents relating to the SIU INVESTIGATION of the CLAIM.

### TRAINING AND GUIDELINES

25.     YOUR training and/or written guidelines provided to YOUR claims staff regarding application of the SEEPAGE EXCLUSION at any time.

26.     YOUR training and/or written guidelines provided to Vickie Temonia, Sylvia Lopez, Tyria Horton, Thiago Gloria De Souza and Jerrell Mackey Campbell, at any time regarding application of the SEEPAGE EXCLUSION.

27.     YOUR guidelines and/or training provided at any time to Vickie Temonia, Sylvia Lopez, Tyria Horton, Thiago Gloria De Souza and Jerrell Mackey Campbell, on the issue of elimination of bias in the ADJUSTMENT and/or INVESTIGATION of property claims.

28.     Any and all actions taken by YOU to for the purpose of elimination and/or reducing bias in YOUR INVESTIGATION and/or ADJUSTMENT of property claims following lawsuits which allege, and/or media reports, of YOUR bias in the underwriting of property insurance policies, sales of property insurance policy, and/or the INVESTIGATION and ADJUSTMENT of property claims, from January 2018 to the present.

### FINANCIAL CONDITION

29.     YOUR financial condition for each of the years 2020-2022.

30.     YOUR net profits for each of the years 2020-2022.

31.     YOUR assets for each of the years 2020-2022.

32.     YOUR financial statements for each of the years 2019-2022.

Date: October 27, 2023                     Kerley Schaffer LLP


J. Edward Kerley
Dylan L. Schaffer
Christopher Carling
Attorneys for Plaintiff

7

Notice of Deposition – State Farm General Ins. Co.

1

**PROOF OF SERVICE**
*Wise et al v. State Farm Gen. Ins. Co.*
**US District Court, California Northern District**
**Case No. 4:23-cv-00163-HSG**

2

3

I declare that I am over the age of 18 years and not a party to this action. My business address is 1939 Harrison Street, #900, Oakland, CA 94612. On October 27, 2023, I served the following on the interested parties in this action:

4

5

6

**PLAINTIFFS' DEPOSITION NOTICE PURSUANT TO FED. R. CIV. PRO. 30(B)(6) – STATE FARM GENERAL INSURANCE COMPANY**

7

8

Sandra E. Stone, Esq.
Colin M. Adkins, Esq.
Pacific Law Partners, LLP
20000 Powell Street, Suite 950
Emeryville, CA 94608
Phone (510) 841-7777
Fax (510) 841-7776
sstone@plawp.com
cadkins@plawp.com
tmccarthy@plawp.com

9

10

11

12

13

ATTORNEYS FOR DEFENDANT STATE
FARM GENERAL INS. CO.

14

15

16
☐ **MAIL:**     By placing such documents(s) in a sealed envelope, with postage prepaid for first class mail, for collection and mailing at Oakland California following ordinary business practice for deposit with United States Postal Service.

17

18
☐ **FAX**:     By causing to be transmitted the documents by use of fax machine telephone number (510)228-0350 to the parties at the facsimile numbers listed on the service list above. The fax machine used complies with California Rule of Court 2.301. The transmission was reported as complete and no error was reported by the machine. I caused the transmitting machine to print a record of the transmission, a copy of which is attached to this declaration.

19

20

21
☒ **E-MAIL**:     By electronic mail to the addresses noted above.

☐ **FEDEX:**     By placing for overnight delivery such documents(s) in a facility or box that is regularly maintained by FedEx.

22

23
☐ **HAND DELIVERY:**     Caused to be hand delivered.

24

25
I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true, and if called as a witness I could testify competently thereto. This declaration was executed October 27, 2023, at Oakland, California.

26

27
_____
Christopher Carling

28

8

Notice of Deposition – State Farm General Ins. Co.