

1939 Harrison Street, Suite 900
Oakland, California 94612
t 510.379.5801 | f 510.228.0350

December 15, 2023

Honorable Alex G. Tse
United States Magistrate Judge
Oakland Courthouse, Courtroom A – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      **Re:**    *Wise et al. v. State Farm General Ins. Co.*
              United States District Court Case No. 23-cv-00163-HSG-AGT

Dear Judge Tse:

    Pursuant to Judge Gilliam's order the Parties submit the following joint letter regarding a discovery dispute.

## Plaintiffs' Position

    The dispute set forth below relates to State Farm's continuing refusal to provide witnesses for Rule 30(b)(6) depositions.

    Pursuant to the requirements of the rule that the parties confer regarding Rule 30(b)(6) topics, on October 3, 2023. On October 27, 2023, with the fact discovery deadline two months away and having had no response from State Farm's lawyer regarding the draft Rule 30(b)(6) notice, we served the notice (Exhibit A), setting the deposition for November 6, 2023.

    Among other topics set forth in the notice, topics 29-32 sought to examine State Farm regarding its financial condition. The discovery is required and allowed under settled law,[1] because Plaintiffs have asserted a claim for punitive damages and must prove State Farm's financial condition (a) to prove the carrier has the financial resources to pay the large punitive damages award we will be seeking in this case and (b) to prove State Farm's wealth and profitability to justify such an award – i.e., to prove that given the carrier's wealth and profitability, only a large punitive damages award will suffice to

---

[1] *Lifschultz v. City of San Juan Capistrano*, 2020 WL 4342543, at *1-*2 (C.D.Cal., 2020) (deposition to discover financial condition allowed); *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998) (no bar to discovery of financial condition evidence); *Pacific Fuel Company, LLC v. Shell Oil Company*, 2009 WL 10675680, at *5, *aff'd* (9th Cir. 2011) (C.D. Cal., Mar. 31, 2009, No. CV 06-0225 AG (AJWX)) (same); *Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW DMR, 2011 WL 855831, at *1 (N.D. Cal. Mar. 9, 2011) (same).

deter future bad faith, malice, fraud, and oppression, as has occurred in our clients' claim.

The parties met and conferred on November 13, 2023. At that time State Farm did not object to the four financial condition topics, nor did it require any explanation or clarification of the topics.

After State Farm produced small portions from financial statements but did not provide a date for the Rule 30(b)(6) deposition, we wrote to its counsel on November 28, 2023, to inquire about a date for the deposition previously noticed. On December 1, 2023, we wrote to ask again for a date for the deposition. On December 4, 2023, counsel wrote for the first time to ask for "some clarity about just what you want to ask about other than authentication which we've offered to do by stipulation."

Although State Farm had not in the meet and confer session, or otherwise, previously sought "clarification," we provided an immediate response (December 4, 2023), explaining the range of issues to be addressed under the four topics listed, including "the substance of the financial statements, including assets, income from all sources including but not limited to premiums and investments, losses, claims costs and other liabilities; State Farm's practice of paying itself (related entities) for various services, including but not limited to claims handling and management."

Counsel did not respond until the late afternoon on Saturday, December 10, *six days later*. In that correspondence for the first time State Farm indicated that "Consistent with the PMK notice, the witness will be prepared to verify the authenticity of information contained in those statements. We will object to inquiry beyond that scope."

State Farm having now indicated it would not provide any Rule 30(b)(6) witness to testify beyond simply authenticating financial statements, the same day (December 10, 2023) Plaintiffs (a) provided further written explanation of the right to and need for the substantive testimony , and (b) served an amended Rule 30(b)(6) notice (Exhibit B), intended to ensure clarity regarding the intended areas of questioning pursuant to the four previously-noticed topic areas.

Since timely service of that notice, State Farm has agreed to produce its financial condition witness on 12/21. But despite multiple requests, State Farm has refused to respond to the question whether the witness on 12/21 is being produced to provide substantive answers to topics in the duly served amended notice (Exhibit B) or will be limited to authenticating excerpts of financial statements. The latter is unacceptable as it deprives Plaintiffs of discovery of plainly permissible subject matter under the cases seet forth.

The Court is requested to direct State Farm to ensure its financial condition topics witness is prepared on 12/21 to testify to the topics as set forth in the timely served amended Rule 30(b)(6) notice.

## State Farm's Position

Consistent with this court's order, on December 13th, State Farm General Insurance Company ("State Farm General") provided dates for the PMK witnesses requested in the deposition notice that was the topic of the prior discovery letter submitted to the court on December 4, 2023. (Doc 36).

That included a date (December 21st) for the deposition of the PMK witness in response to the "Financial Conditions" topics (#29-32) in the deposition notice served on October 27th. Those topics read as follows:

> **FINANCIAL CONDITION**
> 29. YOUR financial condition for each of the years 2020-2022.
> 30. YOUR net profits for each of the years 2020-2022.
> 31. YOUR assets for each of the years 2020-2022.
> 32. YOUR financial statements for each of the years 2019-2022.

During the November 13, 2023, meet and confer session discussing the "Financial Condition" PMK topics I confirmed with plaintiffs' counsel Chris Carling that the topics were limited to State Farm General Insurance Company—the only defendant in this case. I also advised that State Farm General was willing to provide documents reflecting the requested financial information and would authenticate those documents. I proposed that the parties could likely reach a stipulation to any aspects of the financial information that Plaintiffs wanted to confirm or expand upon.

Consistent with that suggestion, State Farm General voluntarily produced detailed financial documents for the 2020-2022 time period referenced in deposition notice and renewed its request that plaintiffs consider a stipulation. Plaintiffs' counsel Dylan Schaffer (who did not participate in the meet and confer session) rejected that option and demanded a deposition. State Farm General agreed to provide a witness and has confirmed that the witness is available for deposition on December 21st. That witness will be prepared to discuss the PMK topics outlined above.

However, since the rejection of the stipulation, plaintiffs' counsel has repeatedly attempted to broaden the scope of the PMK notice and on Saturday, December 9, 2023 at 5:03 p.m. (<u>after</u> this matter had been submitted to the court for review), served an "amended" deposition notice. The PMK topics for "Financial Conditions" now read quite differently. Those amended topics read as follows:

> **FINANCIAL CONDITION**
> 29. State Farm General Insurance Company's FINANCIAL CONDITION for each of the years 2020-2022. FINANCIAL CONDITION MEANS State Farm General Insurance Company's: assets, income from all sources (including but not limited to premiums and investments), liabilities, losses, claims costs, and other expenses, transfer of assets by State Farm General Insurance Company reflected in its financial statements, payment or transfers of assets by State Farm General Insurance Company to any related entity for any and all services, including but not limited to payments or

      transfers which may result in an apparent reduction in State Farm General Insurance Company's profitability reflected in its annual financial statements, including but not limited to payments or transfers of assets to related entities for claims handling, management, and/or administration.

30. State Farm General Insurance Company's net profits for each of the years 2020-2022.
31. State Farm General Insurance Company's assets for each of the years 2020-2022.
32. State Farm General's financial statements for each of the years 2019-2022. This topic includes but is not limited to the contents and substance of those financial statements and is not intended be limited to authentication of the statements.

At a few minutes after 10 a.m. on Monday morning December 10th, plaintiffs' counsel served a Joint Discovery Dispute letter related to the new PMK notice served just the evening before. At the time, counsel for State Farm General was out of town and on vacation (and unplugged) until late on Tuesday, December 12th.

State Farm General has advised plaintiffs' counsel several times of its concerns regarding the revised scope of the deposition topics. The initial PMK was aimed at the financial condition of State Farm General Insurance Company. However, the revised version seeks information well beyond the financial condition of State Farm General and appears to be an attempt to obtain confidential and irrelevant information, including information about other entities.

This is a very straightforward lawsuit with only one cause of action for bad faith. There are no grounds for seeking this scope of information in the context of simply confirming the finances of State Farm General. Plaintiffs already have the documents with that information and State Farm General will be providing a witness to authenticate that information and answer questions regarding the financial records. Notably, plaintiffs' counsel has offered no explanation for why the deposition scope has been increased to extend beyond the straightforward confirmation of State Farm General's assets, losses and profits that were the focus of the original PMK notice and were discussed during the meet and confer sessions, including this submission.

State Farm General timely raised its concerns regarding this new deposition notice and the implied increase in scope beyond what had previously been discussed. In response, plaintiffs are demanding a blanket order requiring State Farm General to answer any question that plaintiffs believe falls under this increased scope, a scope that is not proportional to the needs of this case. Plaintiffs have asked for this before even taking the PMK deposition—so it is impossible to know what the actual questions will be. State Farm General opposes this request because it denies State Farm General a chance to properly object and be heard on the merits.

Date: December 14, 2023                           Kerley Schaffer LLP

                                                         _____/S/_____
                                                         Christopher Carling
                                                         Counsel for Plaintiffs

Date: December 14, 2023                    Pacific Law Partners LLP


                                           _____/S/_____
                                           Sandra E. Stone
                                           Counsel for Defendant